United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENAN THOMPSON,
Plaintiff,

v.

CARMAX,
Defendant.

Case No. 23-cv-01364-JCS

**ORDER TO SHOW CAUSE RE DISMISSAL**

## I. INTRODUCTION

Plaintiff, pro se, applied to proceed in forma pauperis and the Court granted his application. *See* Docket No. 4. The Court now reviews the sufficiency of Plaintiff's complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B). Because the complaint does not state any claim, Plaintiff is ORDERED TO SHOW CAUSE why the complaint should not be dismissed. Plaintiff may file either an amended complaint or a response to this order addressing why his complaint is sufficient, no later than **May 11, 2023**.

## II. ALLEGATIONS OF THE COMPLAINT[1]

Plaintiff brings this action against Defendant Carmax in connection with a "consumer credit transaction" he entered into with Carmax on July 26, 2022. Compl. at 6. In his "Statement of Facts[,]" Plaintiff alleges that Carmax: 1) "did not give the proper disclosures to the plaintiff in the credit transaction a total of four times"; 2) "did not notice the plaintiff of his rights in the credit transaction"; 3) "did not protect the privacy of the plaintiff twice"; 4) "knowingly used a false

[1] Because the factual allegations of a plaintiff's complaint are generally taken as true in the context of determining whether the complaint states a claim, this section summarizes Plaintiff's allegations as if true. Nothing in this order should be construed as resolving any issue of fact that might be disputed at a later stage of the case

United States District Court
Northern District of California

representation in the credit transaction"; 5) "used false information to trick the plaintiff in the credit transaction"; and 6) "failed to do what it promised in the contract with the plaintiff." *Id.* at 3-5.

Plaintiff asserts eight claims in the complaint:

Claim One (12 C.F.R. § 226.23(a)): In this claim, Plaintiff alleges that "Law states that the defendant had to give me two copies of a disclosure of the right to rescind" but that "Defendant never gave me any disclosure of this right[.]" *Id.* at 6.

Claim Two (12 C.F.R § 226.23(d)): In this claim, Plaintiff alleges that "Law states the defendant had to give me a disclosure explaining what the effects of the rescission were" but that "Defendant never gave me this disclosure." *Id.* at 7.

Claim Three (15 U.S.C. § 6802(b)): In this claim, Plaintiff alleges that "Law states the defendant has to give the consumer a disclosure that tells the consumer how they can have their information not shared with third parties" and that "Law states the defendant has to give the consumer this disclosure before they share the information" but that "Defendant never gave the plaintiff this disclosure." *Id.* at 8.

Claim Four (15 U.S.C. § 6803(a)): In this claim, Plaintiff alleges that "Law states the defendant has to give the consumer a disclosure that tells how they share information that is consitent [sic] with 15 U.S.C. 6802" but that "Defendant never gave the plaintiff this disclosure[.]" *Id.* at 9.

Claim Five (Fraud in the Inducement): In this claim, Plaintiff alleges that "Law states that fraud in the inducement occurs when one person tricks the other into signing an agreement based on fraudulent statements[.]" *Id.* at 10. Plaintiff further alleges that:1) "Defendant used fraudulent statements in their return policy"; 2) "Defendant did not follow the agreement in their policy when asked to"; and 3) "Plaintiff was tricked into signing the contract because of the false statements listed in the contract by the defendant[.]" *Id.*

Claim Six (Fraudulent Misrepresentation): In this claim, Plaintiff alleges that "Law states that fraudulent misrepresentation happens when a representation is made that is used to trick the other party" and that "Defendant made a representation about their return policy . . .[that] was not

true" and that Defendant "should have known . . . was not true." *Id.* at 11. According to Plaintiff, he "relied on the false representation" and "was not able to use the representation when they brought it to the defendant's attention." *Id.* at 11-12.

Claim Seven (Breach of Contract): In this claim, Plaintiff alleges that "Law states that breach of contract happens when one party doesn't do their promised obligation[,]" "Defendant made a promise about their return policy to the plaintiff[,]" and that "Defendant did not keep this promise[.]" *Id.* at 13.

Claim Eight (Fraud): In this claim, Plaintiff alleges that "Law states that fraud happens when a misrepresentation of a fact happens" and that "Defendant made a statement about their return policy to the plaintiff" but "did [not] do what they promised in the statement." *Id.* at 14.

Plaintiff alleges that as a result of Carmax's violations, they were damaged in the amount of $238,000. *Id.* at 15.

## III. ANALYSIS

### A. Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

To state a claim for relief, a plaintiff generally must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In alleging fraud or mistake, however, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Further, a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Diaz v. Int'l Longshore and Warehouse Union, Local* 13, 474 F.3d 1202, 1205 (9th Cir. 2007). In determining whether a plaintiff fails to state a claim, the court takes "all allegations of material fact in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

"[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal quotation marks omitted). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 678 (citing *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

**B. Statutory Claims**

**1. TILA Claims**

Claims One and Two of Plaintiff's complaint reference a regulation, 12 C.F.R. § 226.23, an implementing regulation of the Truth in Lending Act (TILA) governing the circumstances under which a consumer may rescind "a credit transactions in which a security interest is or will be retained or acquired in a consumer's principal dwelling." 12 C.F.R. § 226.23. Plaintiff's allegations in these claims are too vague and conclusory to state any viable claim under TILA.

TILA was enacted "to assure a meaningful disclosure of credit terms so that the consumer

will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). "Congress . . . delegated expansive authority to the Federal Reserve Board to elaborate and expand the legal framework governing commerce in credit." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559–60 (1980) (citing 15 U.S.C. § 1604). Pursuant to that authority, the Federal Reserve Board adopted "Regulation Z" – an extensive set of regulations governing the disclosures that are required as to various types of consumer credit transactions. *See generally*, 12 C.F.R. Part 26. A disclosure violation under TILA triggers two potential remedies for a borrower: damages and rescission, 15 U.S.C. §§ 1635, 1640.

Plaintiff has not alleged any facts about the credit transaction that he claims violated TILA, making it impossible to determine what disclosures – if any—apply to the credit transaction he alleges he entered into with Carmax or if they were violated. The Court further notes that although Plaintiff relies on the regulation that governs the right to rescission, 12 C.F.R. § 226.23, he does not appear to seek rescission of any credit transaction. Instead, he seeks to recover damages, which are governed by a different regulation. For these reasons, Claims One and Two fail to state a claim.

**2. Gramm–Leach–Bliley Act**

Claims Three and Four appear to be asserted under the Gramm–Leach–Bliley Act, which addresses the responsibilities of financial institutions to protect the privacy of the personal financial information of their customers. Plaintiff relies on 15 U.S.C. §§ 6802(b) and 6803 in support of these claims. Section 6802(a) prohibits a financial institution from "disclos[ing] to a nonaffiliated third party any nonpublic personal information, unless such financial institution provides or has provided to the consumer a notice that complies with section 6803[,]" except as permitted in subsection (b). Subsection b describes the circumstances under which a consumer may be found to have opted out of this prohibition and further specifies that the requirement does not apply to the provision of "nonpublic personal information to a nonaffiliated third party to perform services for or functions on behalf of the financial institution." 15 U.S.C. § 6802(b).

Section 6803 addresses the disclosures a financial institution must provide to a consumer with respect to its privacy policies "[a]t the time of establishing a customer relationship with a consumer" and at least annually during the continuation of the relationship.

Here, again, Plaintiff has alleged no facts about the alleged privacy violations. As a consequence, he has not alleged a plausible claim that these provisions were violated or stated any claim under the Gramm–Leach–Bliley Act.

**C. Claims Involving Fraud**

Plaintiff asserts claims for fraud (Claim Eight), fraud in the inducement (Claim Five) and fraudulent misrepresentation (Claim Six). Under California law, the elements of a fraud claim are: 1) a false representation; 2) knowledge of its falsity; 3) intent to defraud; 4) justifiable reliance; and 5) damages. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (citation omitted). The elements of fraud in inducement of a contract and fraudulent misrepresentation are the same as the elements for a fraud claim. *Hidalgo v. Aurora Loan Servs. LLC*, 2013 WL 4647550, at *4 (S.D. Cal. Aug. 29, 2013) (fraud in the inducement); *Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1018 (N.D. Cal. 2015) (fraudulent misrepresentation). All are subject to Rule 9(b)'s heightened pleading requirement, discussed above.

The purpose of Rule 9(b) is to give defendants notice of the specific fraudulent conduct against which they must defend. *Bly–Magee v. California*, 236 F.3d 1014, 1018 (9th Cir.2001). Thus, "'[a] plaintiff must set forth more than the neutral facts necessary to identify the transaction[;] [t]he plaintiff must set forth what is false or misleading about a statement, and why it is false.'" *Yamauchi*, 84 F. Supp. 3d at 1018 (quoting *Vess*, 317 F.3d at 1106) (internal quotations and citation omitted). Typically, this means the plaintiff must allege "the who, what, when, where, and how"' of the misconduct charged. *Id.* Because Plaintiff has not alleged any specific facts in support of his fraud claims, he fails to meet the requirements of Rule 9(b) or, as to the elements that are not subject to the heightened pleading requirement (such as reliance and damages) even the requirements of Rule 8(a). Therefore, Plaintiff fails to state a claim as to any of these claims.

**D. Breach of Contract Claim**

"Under California law, 'the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff.'" *Theatre Box-San Diego, LLC v. Fireman's Fund Ins. Co.*, No. 22-CV-1001-WQH-JLB, 2023 WL 2623254, at *7 (S.D. Cal. Mar. 22, 2023) (quoting *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011)). While a claim for breach of contract is subject only to the notice-pleading requirement of Rule 8(a), Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires Plaintiff to allege the relevant terms of the contract that was allegedly breached, as well as specific facts showing *how* the contract was breached. *Soil Retention Prod., Inc. v. Brentwood Indus., Inc.*, 521 F. Supp. 3d 929, 951 (S.D. Cal. 2021). As he has done neither, Plaintiff fails to state a claim for breach of contract.

**IV. CONCLUSION**

For the reasons discussed above, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed on the basis that he has not stated any claim in his complaint. Plaintiff may respond by filing either an amended complaint that addresses the deficiencies discussed above or a response that addresses why his current complaint is sufficient. Plaintiff's response shall be filed by **May 11, 2023**. If Plaintiff does not file a response by that date, the case will be reassigned to a United States district judge with a recommendation that it be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Any amended complaint must include the caption and civil case number used in this order (19-cv-06894) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Plaintiff's original complaint by reference, but instead must include all of the facts and claims Plaintiff wishes to present and all of the defendants he wishes to sue.

Plaintiff, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses

for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470 S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments, which are currently being conducted by telephone or video-conference, can be made by calling (415) 782-8982 or emailing federalprobonoproject@sfbar.org. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: April 13, 2023

JOSEPH C. SPERO
United States Magistrate Judge

United States District Court
Northern District of California